Chief Judge Breitel
(concurring). I concur in result, but do not find it necessary or appropriate to consider the broad statement of one of the rules in Matter of Keogh (17 NY2d 479). It is enough that respondent-appellant’s offer of proof at the hearing before the Referee was limited to. his own testimony to establish his innocence of the criminal charge upon which he had been convicted in Federal court. That testimony had not been "unavailable” to him, under the Keogh rule in question, in the Federal prosecution. On the other hand, respondent-appellant was offered unlimited opportunity to testify in mitigation or characterization of the offense for which he had been convicted. He rejected that opportunity. His purpose, as pointed out in the majority opinion, was to contradict the underlying facts necessarily found in the criminal prosecution despite the applicability of the doctrine of *283 collateral estoppel. It may well be that Matter of Keogh (supra), if applied even to "unavailable” evidence to contradict the factual basis of a criminal conviction, violates the doctrine of collateral estoppel. But this case does not require a confrontation with that issue or the possible view that the rules of evidence are being retroactively applied to the hearing before the Referee. I agree, of course, that no useful purpose would be served in remitting the matter for another hearing with a predestined result.
Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur in Per Curiam opinion; Chief Judge Breitel concurs in result in a separate opinion in which Judge Fuchsberg concurs.
Order affirmed, without costs.